**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DONTAY MACK,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 25-4224** |
| | : | |
| **PHILADELPHIA POLICE** | : | |
| **DEPARTMENT,** *et al.*, | : | |
| **Defendants.** | : | |

<u>**MEMORANDUM**</u>

**MURPHY, J.**                                                                    **October 2, 2025**

Dontay Mack filed this *pro se* complaint asserting civil rights claims pursuant to 42

U.S.C. § 1983 against the Philadelphia Police Department and three of its law enforcement

officers.  Mr. Mack also seeks leave to proceed *in forma pauperis*.  For the following reasons,

the Court will grant Mr. Mack leave to proceed *in forma pauperis* and dismiss his complaint.

I.      **FACTUAL ALLEGATIONS**[1]

Mr. Mack's allegations are brief.  He claims that Defendants Detective Sean Burnett,

Sergeant Benjamin Baynard, and Sergeant Francis Lowry violated his constitutional rights

by conducting an "illegal search and seizure of [his] property" while he was in Philadelphia

Police Department custody pending an investigation.  (DI 2 at 5.)  He states that his property was

damaged, and items were stolen.  (*Id*.)  Mr. Mack provides no timeframe and no factual context

for the alleged incident with defendants.  Based on these minimal facts, Mr. Mack asserts

constitutional claims under § 1983 and seeks money damages.  (*Id*. at 3, 5.)

---

[1] The factual allegations set forth in this Memorandum are taken from Mr. Mack's
complaint.  (DI 2.)  The Court adopts the sequential pagination assigned to the complaint by the
CM/ECF docketing system.

## II.    STANDARD OF REVIEW

The Court grants Mr. Mack leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C.

§ 1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same

standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see*

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage

of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all

reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts

sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir.

2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d

Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Because Mr. Mack is

proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185

(3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil

Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).  To conform to Rule 8,

a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.

*See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) (*per curiam*).  The

United States Court of Appeals for the Third Circuit explained that in determining whether a

pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally

construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in

regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.  However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93.

## III.    DISCUSSION

Mr. Mack asserts constitutional claims pursuant to § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Initially, the Court notes that the Philadelphia Police Department does not have a separate legal existence from the City and, as a subdivision of the City, is not a proper Defendant under § 1983. *See Moore v. Montgomery Cnty. Dist. Att'y Off.*, No. 22-2642, 2023 WL 5972045, at *2 (3d Cir. Sept. 14, 2023) (*per curiam*) ("[M]unicipal police departments are governmental sub-units that are not distinct from the municipalities of which they are a part, and thus may not be separately sued under § 1983." (internal citations omitted)); *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a subdivision of its

municipality); *Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (observing that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia").  Accordingly, the Philadelphia Police Department is not a proper defendant and must be dismissed from this case with prejudice.

With respect to the three individual Defendants, Mr. Mack's complaint fails to allege a plausible civil rights claim.  Mr. Mack alleges in a conclusory fashion only that Philadelphia law enforcement officers Burnett, Baynard, and Lowry conducted an illegal search and seizure that resulted in damage to his property.  This is insufficient to allege a plausible claim.  *Iqbal*, 556 U.S. at 678.  Mr. Mack fails to specify how each Defendant violated his constitutional rights. *See Rode*, 845 at 1207.  Mr. Mack also does not include any facts about the alleged search and seizure, including where and when it took place.  Because Mr. Mack's claims are unclear and the facts are underdeveloped, the complaint fails to provide fair notice of the grounds upon which his claims against the individual Defendants rest, as required by Rule 8.  *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits); *Wright v. United States*, No. 22-1164, 2023 WL 4540469 (3d Cir. July 14, 2023) (*per curiam*) (affirming the District Court's dismissal with prejudice of a *pro se* amended complaint where the amended complaint failed to assert adequate factual allegations to put the named defendants on notice of the claims against them).  Based on the minimal facts alleged, it is unclear what, if anything, any

of the individual Defendants did that caused Mr. Mack harm.  Accordingly, the claims against Burnett, Baynard, and Lowry will be dismissed for failure to comply with Rule 8.

## IV.    CONCLUSION

For the foregoing reasons, the complaint will be dismissed in part with prejudice and in part without prejudice.  Mr. Mack's claims against the Philadelphia Police Department will be dismissed with prejudice.  His claims against the individual law enforcement officers—Burnett, Baynard, and Lowry—will be dismissed without prejudice.  Mr. Mack will be granted leave to file an amended complaint to clearly set out the factual bases of any claim he seeks to present against the individual Defendants.  An Order with additional instructions for amendment follows.