IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONTAY MACK,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.   25-4224 |
| | : | |
| **OFC SEAN BURNETT,** *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

**MURPHY, J.**                                                                                             **January 9, 2026**

Dontay Mack filed this *pro se* action asserting civil rights claims pursuant to 42 U.S.C. § 1983 based on an alleged illegal search and seizure.  Mr. Mack was previously granted leave to proceed *in forma pauperis*.  Upon screening under 28 U.S.C. § 1915(e)(2), the Court dismissed his original Complaint asserted against the Philadelphia Police Department and three of its police officers and permitted him to file an amended complaint.  *See Mack v. Phila. Police Dep't*, No. 25-4224, 2025 WL 2825587, at *3 (E.D. Pa. Oct. 2, 2025).  Mr. Mack returned with the pending Amended Complaint.  For the following reasons, the Court will dismiss Mr. Mack's Amended Complaint.

**I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

In his initial Complaint, Mr. Mack alleged that defendants Detective Sean Burnett, Sergeant Benjamin Baynard, and Sergeant Francis Lowry conducted an "illegal search and seizure" and stole his property while he was in Philadelphia Police Department custody.  (DI 2 at 5.)  The Court dismissed the Complaint, concluding that Mr. Mack had failed to provide any

---

[1] Unless otherwise stated, the factual allegations set forth in this Memorandum are taken from Mr. Mack's Amended Complaint.  (DI 9.)  The Court adopts the sequential pagination assigned to the Amended Complaint by the CM/ECF docketing system.

timeframe or factual context for the alleged search and seizure involving the defendants. *See Mack*, 2025 WL 2825587, at *3. The Court also dismissed with prejudice all claims against the Philadelphia Police Department, as it was not a proper defendant. *Id*. at 2. Mr. Mack returned with an Amended Complaint, again naming Burnett, Baynard, and Lowry as defendants. (DI 9 at 6.)

Mr. Mack alleges that he was arrested on December 31, 2020 in Philadelphia, Pennsylvania, and transported to the Philadelphia central detective's division pending charges when, following an altercation with another individual, a non-defendant police officer recovered a firearm from Mr. Mack's car. (*Id*. at 2, 3.) Mr. Mack's personal belongings that were recovered from his car during the arrest, including a combination-locked safe seized from his trunk, were also transferred to the detective's division. (*Id*. at 4.) While Mr. Mack was being processed and charged, defendants Burnett, Baynard, and Lowry allegedly cut the hinge off Mr. Mack's safe to search it. (*Id*.) Mr. Mack had refused to tell them the passcode. (*Id*. at 4-5.) The officers did not have a warrant but nevertheless broke into the safe, damaged it, and "stole" some of the contents, such as jewelry, money, and personal paperwork. (*Id*. at 5, 10.) Mr. Mack did not discover that the safe had been damaged and that his property had been taken until the property was returned pursuant to a "return of property proceeding." (*Id*.)

Based on these allegations, Mr. Mack asserts Fourth Amendment unreasonable search and seizure claims, Fifth Amendment deprivation of property claims, and Fourteenth Amendment due process claims. (*Id*. at 8-11.) He seeks money damages and for the police officers to be terminated from their employment. (*Id*. at 12.)

II.    **STANDARD OF REVIEW**

As Mr. Mack is proceeding *pro se*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires

the Court to dismiss the Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Additionally, a court may dismiss a complaint based on an affirmative defense such as the statute of limitations when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).  As Mr. Mack is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.   DISCUSSION

Mr. Mack asserts constitutional claims pursuant to § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court.  Based on the allegations in the Amended complaint, Mr. Mack's § 1983 claims are time barred.  *See Whitenight v. Commw. of Pa. State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (*per curiam*) ("When screening a complaint under § 1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the

complaint and no development of the factual record is required." (citations omitted)).  Section 1983 claims, such as those brought by Mr. Mack, are subject to the state statute of limitations for personal injury actions.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In Pennsylvania, that limitations period is two years.  *See* 42 Pa. Cons. Stat. § 5524.  A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief."  *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted).  In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based."  *Sameric Corp. of Del. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).

      Mr. Mack's claims accrued when he was detained, searched, and had his personal belongings seized.  *See Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018) (noting that illegal search claims accrue at "the moment of the search"); *Ojo v. Luong*, 709 F. App'x 113, 116 (3d Cir. 2017) (*per curiam*) ("Most of [plaintiff's claims] accrued when defendants conducted their searches and seizures on July 11, 2011, because [plaintiff] knew or should have known the basis for these claims at that time."); *Wilson v. City of Newark*, No. 06-5219, 2007 WL 1135301, at *2 (D.N.J. Apr. 16, 2007) (observing that deprivation of property claims are subject to a two-year statute of limitations).  Mr. Mack states that he was arrested during the early morning hours of December 31, 2020 and that the alleged illegal search of his safe occurred within "twelve or so hours" after he arrived at the central detective's division.  (DI 9 at 4.)  Thus, he was required to bring his claims by December 31, 2022.  Since Mr. Mack did not file this lawsuit until July 31,

2025, over two and a half years after the statute of limitations expired, it is apparent from the face of his Amended Complaint that his claims must be dismissed as time barred.[2]

To the extent that Mr. Mack contends that his claims did not accrue until the safe was returned to him at the conclusion of the Return of Property proceedings, the claims would nevertheless be time barred. The public docket reflects that Mack's Return of Property proceedings commenced on April 14, 2022 when he filed a Motion for Return of Property and concluded on April 28, 2022, when an Order granting the return of his property was entered. *See In re: Dontay K. Mack*, CP-51-MD-001434-2002. Accordingly, even if the claims accrued on April 28, 2022, Mr. Mack would have had to have filed his Complaint on or before April 28, 2024 for it to be timely, which he did not do.

### IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss the Amended Complaint as time barred. Since Mr. Mack cannot cure the fact that his case is untimely, he will not be given leave to amend. A final order follows.

---

[2] Moreover, there are no allegations in the Amended Complaint that would support a basis for equitable tolling of the claims. *See Lloyd v. Ocean Twp. Counsel*, 857 F. App'x 61, 64 (3d Cir. 2021) (*per curiam*) (stating that equitable tolling is generally appropriate where: (1) a defendant actively misleads a plaintiff regarding a cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted her claims, but in the wrong forum).